SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 18 2015

ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GIT-R-DONE PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 1:15cv386LG-RHW |
| | ) | |
| GITERDONE C STORE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Git-R-Done Productions, Inc. (hereinafter "Plaintiff" or "Git-R-Done Productions") files this Complaint for trademark infringement, trademark dilution and unfair competition, against Giterdone C Store LLC (hereinafter "Defendant") alleging as follows:

### Overview

1.

GIT-R-DONE.  Defendant has purposefully misappropriated this well-known tagline and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage name, Larry the Cable Guy.  Defendant's actions are infringing Git-R-Done Productions' trademark rights and causing it damages.

2.

Mr. Whitney's Southern-style, blue-collar-based humor has made him a popular and highly-paid stand-up comedian and actor.

3.

Mr. Whitney is often identified by his thick southern accent, GIT-R-DONE baseball cap and sleeveless flannel shirts.  His "regular Joe" persona has made him particularly popular in the Southeastern United States, where he frequently headlines for the *Blue Collar Comedy Tour*.

4.

Mr. Whitney may be best known for his folksy, blue-collar catch-phrase, GIT-R-DONE, which he frequently utters, always with a thick Southern drawl. GIT-R-DONE is the subject of twenty-three United States federal trademark registrations owned by Mr. Whitney's company, Git-R-Done Productions, Inc., the Plaintiff.

5.

Trying to capitalize on Mr. Whitney's fame and on the popularity of his GIT-R-DONE catchphrase, Defendant opened a convenience store and gas station in Diamondhead, Mississippi which Defendant named GITERDONE ("Infringing Mark"). Additionally, Defendant sells a number of products for which Plaintiff holds federal trademark registrations. Some of those products carry the Infringing Mark, although some do not.

6.

Through two letters, Git-R-Done Productions insisted Defendant stop using the Infringing Mark, but Defendant ignored those pleas. Thus, Git-R-Done Productions is compelled to file this lawsuit to protect its famous trademark.

**Introduction**

7.

This is a civil action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and under Mississippi statutory and common law.

8.

Git-R-Done Productions seeks equitable and monetary relief from Defendant's willful violations of Git-R-Done Productions' trademark rights in its famous GIT-R-DONE trademark. Git-R-Done Productions has extensively used and promoted GIT-R-DONE in various ways and across multiple product lines, services, campaigns, events and materials.

9.

Defendant's use of the Infringing Mark goes far beyond use as merely a tradename. Defendant misappropriates Plaintiff's GIT-R-DONE prominently, repeatedly, and in a format and contexts that imitates Git-R-Done Productions' longstanding use of its iconic GIT-R-DONE trademark.

10.

Defendant's use of the Infringing Mark is likely to cause consumer confusion, dilution, and other irreparable injury to Plaintiff's trademark rights.  Defendant's use of the Infringing Mark infringes Plaintiff's long-established trademark rights and dilutes the distinctiveness of Plaintiff's famous mark.

**Parties**

11.

Git-R-Done Productions, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business at 1050 Crown Pointe Parkway in Atlanta, Georgia.

12.

Defendant is organized under the laws of the State of Mississippi and is the owner and operator of a gas station and convenience store located in Diamondhead, Mississippi, on the south side of I-10 Highway at Exit 16. The physical address of the convenience store is 443-B Yacht Club Drive, Diamondhead, Mississippi 39525.

## Subject Matter Jurisdiction

13.

This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

14.

Because Git-R-Done Productions is a citizen of the State of Florida, Defendant is a citizen of the State of Mississippi, and the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court also has diversity jurisdiction under 28 U.S.C. § 1332.

15.

The Court has supplemental jurisdiction over Git-R-Done Productions' state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

## Personal Jurisdiction

16.

This Court has jurisdiction over Defendant because Defendant is a corporate resident of this judicial district, its registered agent resides in this judicial district and because the majority of facts giving rise to this lawsuit have occurred here.

## Factual Background

### *About Git-R-Done Productions*

17.

Daniel Lawrence "Larry" Whitney is the president of Plaintiff, Git-R-Done Productions, Inc.  Mr. Whitney is better known by his stage name, Larry The Cable Guy.

18.

Mr. Whitney has used the GIT-R-DONE trademark in his commercial activities with permission from Git-R-Done Productions.

19.

Git-R-Done Productions, in affiliation with Mr. Whitney and with numerous licensees, began using GIT-R-DONE at least as early as 2001.

### *About Git-R-Done Productions' Use of GIT-R-DONE*

20.

Git-R-Done Productions uses GIT-R-DONE as a signature tagline identifying its products and services, including Mr. Whitney's entertainment services.  With respect to products, Git-R-Done Productions has licensed GIT-R-DONE to third-parties for use on hats, sweatshirts and t-shirts, jewelry, beer, hand lotions, knives, packaged meats, beverage wear and candy bars, among others.

21.

Git -R-Done Productions' goods and services are sold and promoted worldwide

22.

Git-R-Done Productions promotes -- both directly or through licensees -- its products, services and trademarks extensively through virtually every available type of digital, broadcast, and print media, including but not limited to national, regional and local print publication and the Internet.

23.

For example, Git -R-Done Productions, in connection with Mr. Whitney's entertainment services, promotes and markets GIT-R-DONE products and services through popular and highly visited social-networking websites, including FaceBook[1], Twitter[2], YouTube[3], and Instagram[4].

24.

Through significant media attention and publicity, and due to Larry the Cable Guy's extreme popularity, GIT-R-DONE has become a famous trademark, as explained below.

---

[1] Larry the Cable Guy's FaceBook page has over 4 million likes.

[2] Larry the Cable Guy's Twitter page, @GitRDoneLarry has 434,000 followers.

[3] Larry the Cable Guy's YouTube channel has 6,501 subscribers.

[4] Larry the Cable Guy's Instagram page, GitRDoneGram, has 13,000 followers.

25.

For example, in 2010, Mr. Whitney's likeness was used in connection with a NASCAR Sprint Cup race car, and included the famous GIT-R-DONE mark:



26.

As a result of the widespread use of GIT-R-DONE by Plaintiff and by Larry the Cable Guy, GIT-R-DONE has become a symbol of Plaintiff's brand values and philosophy.

*About Mr. Whitney's Career as Larry The Cable Guy*
*and His Use of GIT-R-DONE as a Catchphrase*

27.

Mr. Whitney begins almost all of his live performances with his famous tagline, "GIT-R-DONE," which he says in a deep Southern drawl.

28.

Wikipedia identifies GIT-R-DONE as "Whitney's catchphrase." (https://en.wikipedia.org/wiki/Larry_the_Cable_Guy).

29.

In addition to being an iconic Southern-style comedian, Mr. Whitney is a multiplatinum recording artist, Grammy nominee and Billboard Award Winner.

30.

As a result of his hard-work, in 2006, 2007, 2011 and 2012, Mr. Whitney was named to the Forbes® List of the World's Highest-Paid Celebrities.

31.

Mr. Whitney also performs the voice of the anthropomorphic tow truck, *Mater*, in Disney's popular *Cars* movie franchise.

32.

Mr. Whitney's first comedy album, *Lord, I Apologize*, was released in 2001 and contains the GIT-R-DONE phrase. *Lord, I Apologize* sold over 500,000 copies and was certified gold by the Recording Industry Association of America (RIAA). The CD was Number 1 on the Billboard Comedy Charts for fifteen consecutive weeks.

33.

In 2001, Mr. Whitney joined Jeff Foxworthy and two other Southern-style comedians on the *Blue Collar Comedy Tour*, which toured regularly, primarily in the Southeast, from January 2000 through 2006.

34.

In 2003, the documentary *Blue Collar Comedy Tour: The Movie* was released.   The
movie featured Mr. Whitney as Larry the Cable Guy.   At the time of its release, it was the
highest rated movie in Comedy Central's history.



35.

The sequel, *Blue Collar Comedy Tour Rides Again*, also starring Mr. Whitney, sold more
than 3 million copies.

36.

Mr. Whitney's second comedy album titled, *Git-R-Done*, was released in 2004 and sold
more than 1 million copies.   This album was certified platinum by RIAA:



37.

In 2004, Mr. Whitney starred in *Blue Collar TV*, sketch comedy series for the WB Television Network which reached over 5.4 million viewers and was the second most watched show on television in that time period.

38.

Mr. Whitney's 2005 CD Release *The Right to Bear Arms* debuted at No. 1 on the Billboard Comedy Chart, the Soundscan Comedy Chart.  It also debuted at No. 7 on Billboard's Top 200 Chart.  In addition to debuting on the Comedy Charts, the 2005 CD *The Right to Bear Arms* debuted at No. 1 on the Soundscan Country Chart, marking the first time in history that a "comedy" CD charted at No. 1 on the Country Chart.

39.

In addition, *The Right to Bear* arms received a GRAMMY nomination from the Recording Academy for best comedy album.

40.

Mr. Whitney is also the author of the bestselling book *GIT-R-DONE* (2006) which debuted at No. 26 on the New York Time Bestseller List.



41.

Mr. Whitney was named 2005 Comedy Artist of the Year and also received Billboard's Comedy Album of the Year Award in 2005 and in 2006.  Mr. Whitney was honored with the Billboard Top Comedy Tour Award in 2006 and 2007.  GIT-R-DONE is used prominently by Mr. Whitney during all of his performances and in the majority materials promoting his performances.

42.

On July 4, 2009, Larry the Cable Guy performed at Memorial Stadium in Lincoln, Nebraska in front of more the 50,000 fans.  The show sold out in one weekend.  The performance was taped for Comedy Central and aired on January 31, 2010 and a DVD of the show was released later in the year.

43.

On March 16, 2009, Larry the Cable Guy was roasted on Comedy Central and was one of the highest rated Roasts in Comedy Central History attracting more than 4 million viewers. Comedian Lisa Lampanelli, the emcee of the roast, introduced Larry the Cable Guy as the "break-out star of the *Blue Collar Comedy Tour* with his catchphrase GIT-R-DONE," where after the audience erupted in applause.  There were frequent comments about the regularity of Mr. Whitney's use of GIT-R-DONE as a tagline.

44.

During the Comedy Central Roast, Mr. Whitney wore a baseball cap bearing the GIT-R-DONE trademark:



45.

In fact, Mr. Whitney frequently wears a baseball cap bearing GIT-R-DONE when making public appearances and in connection with product promotions, including a national television commercial for the heartburn medication, Prilosec.



Other examples are:



46.

In 2009, Mr. Whitney and his wife formed the non-profit GIT-R-DONE Foundation which financially supports a number of children and veteran causes.

47.

Mr. Whitney, as Larry the Cable Guy, hosted a television show titled, *Only in America with Larry the Cable Guy,* for the History Channel from 2011-2013.

48.

The GIT-R-DONE trademark is used in Larry the Cable Guy's Twitter handle (@giterdonelarry) and appears prominently on his FaceBook page:



49.

With permission from Git-R-Done Productions, the GIT-R-DONE trademark has been

licensed for use on or in connection with numerous products.  The GIT-R-DONE mark has also

appeared on and in retail stores and displays, and in advertising and other materials, such as

signage and displays, Internet banner ads, and the homepage of Larry the Cable Guy's website at

larrythecableguy.com.  Examples of uses of GIT-R-DONE allowed by Git-R-Done Productions

include:





50.

Git-R-Done Productions has spent substantial resources in connection with its GIT-R-

DONE trademark, which have received significant third-party and press attention, and which

have been seen by millions of consumers nationwide, accounting for hundreds of millions of

consumer impressions.

51.

As illustrated by these examples, GIT-R-DONE is a centerpiece of Git-R-Done's brand
identity and Mr. Whitney's persona.

52.

Through repeated and extensive use, both standing on its own and in connection with Mr.
Whitney, the GIT-R-DONE trademark has become famous as a symbol of Git-R-Done
Production's brand values and philosophy.

*About Git-R-Done Productions' GIT-R-DONE Federal Trademark Registrations*

53.

| Mark | Reg/App. No. | Reg./Filing Date | Products/Services |
|------|------|------|------|
| | | | |
| GIT-R-DONE | 4504819 | 4/1/14 | Drinking cups; Drinking cups sold with lids therefor; Drinking glasses; Drinking glasses, namely, tumblers; Glass beverageware. |
| GIT-R-DONE | 4414993 | 10/8/13 | Cigarette lighters |
| GIT-R-DONE | 4414934 | 10/8/13 | Packaged meats |
| GIT-R-DONE | 4414805 | 10/8/13 | Carving knives; Cutlery, namely, knives; Fixed blade knives; Folding knives; Household knives; Knives for hobby use; Pocket knives; Vegetable knives; Working knives. |
| GIT-R-DONE RACING | 4348015 | 6/4/13 | Car racing |
| GIT-R-DONE | 4210138 | 9/18/12 | Hand lotions |
| GIT-R-DONE | 4285168 | 2/5/13 | Belt buckles of precious metals; Buckles of precious metal. |
| GIT-R-DONE | 4217503 | 10/2/12 | Beer |
| | 3050893 | 1/24/06 | Bottle openers; coozies |

| | | | |
|---|---|---|---|
| GIT-R-DONE | | | |
| GIT-R-DONE | 3050895 | 1/24/06 | Jewelry |
| GIT-R-DONE | 3000528 | 9/27/05 | Entertainment services in the nature of performances by a comedian |
| GIT-R-DONE | 2954490 | 5/24/05 | Hats, sweatshirts and t-shirts |
| GIT-R-DONE | Serial No. 86773368 | Filing Date 9/30/15 | Prepared food kits composed of meat, poultry, fish, seafood, and/or vegetables and also containing sauces or seasonings, ready for cooking and assembly as a meal |
| GIT-R-DONE | 4684450 | 2/10/15 | Charitable services, namely organizing and conducting volunteer programs and community service projects aimed at increasing support and morale of families of deceased war veterans |
| GIT-R-DONE | 4588701 | 8/19/14 | Hard hats, protective glasses, protective work gloves |
| GIT-R-DONE | Serial No. 86696307 | Filing Date 7/17/15 | Candy bars |
| GIT-R-DONE | 4414991 | 10/8/13 | Household utensils, namely, spatulas |
| GIT-R-DONE | 4272667 | 1/15/13 | Entertainment in the nature of live performances by professional bull riding in a rodeo |
| GIT-R-DONE | 4210031 | 9/18/12 | Downloadable software in the nature of a mobile application for entertainment |
| GIT-R-DONE | 3041717 | 1/10/06 | Dolls |
| GIT-R-DONE | 3050894 | 1/24/06 | Novelty buttons |
| GIT-R-DONE | 2937621 | 4/5/05 | Stickers and posters |
| GIT-R-DONE | 3273188 | 8/7/07 | Loungewear and sleepwear |

*About Defendant and its Use of the Infringing Mark*

54.

Defendant opened a combined convenience store and gas station using the Infringing Mark, GITERDONE.  Plaintiff's research indicates that Defendant opened it in 2013.

55.

Defendant uses GITERDONE prominently, repeatedly, and in a format and context that imitates Git-R-Done Productions' longstanding use of its iconic GIT-R-DONE trademark.

 



56.

In addition, Defendant prominently displays the Infringing Mark on highway billboards and roadside displays:






57.

In addition to using GITERDONE in connection with its convenience store and gas station services, Defendant uses the Infringing Mark on t-shirts, which infringes Plaintiff's federal trademark registration for GIT-R-DONE in connection with "t-shirts," Registration Number 2954490.



58.

Defendant uses the Infringing Mark on hats, which infringes Plaintiff's federal trademark registration for GIT-R-DONE in connection with "hats," Registration Number 2954490.



59.

Defendant also uses its Infringing Mark in connection with the sale of beers and candy, which infringes Plaintiff's federal trademark registration covering those goods, Registration Numbers 4217503 (beer) and Application/Serial Number 86696307 (candy bars).

 



**Giterdone C-Store**
September 5

Good Morning All
Its holiday weekend, and we have what you need for your outdoor
parties. Ice chests and ice, domestic and imported beer
and lots of snacks to fill your picnic baskets!!
todays cash gas prices are
Reg $2.02
Non Ethanol $2.46
Diesel $2.21



**Giterdone C-Store**
July 2

Good Morning All
Time to get ready for the fourth of July weekend, and we have everything
you need. Ice chests, ice, paper plates and , cutlery
stock up on your favorite sodas, chips and beer.. we have the coldest
beer and drink coolers around.
Todays cash gas prices are
Regular $2.51
Non Ethanol $2.84
Diesel $ 2.60
Stop on by and get your weekend started right!!!

60.

Defendant also uses the Infringing Mark in connection with the sale of prepared foods,
which infringes Plaintiff's trademark rights in connection with "prepared food kits,"
Application/Serial Number 86773368.






61.

Defendant also uses the Infringing Mark in connection with the sale of knives, despite Plaintiff's trademark registration for GIT-R-DONE in connection with "knives," Registration No. 4414805.



**Giterdone C-Store**
November 5, 2014

November is perfect for oysters. Get your shucking lead and handy knife here. Yes, at Giterdone. You may be surprised at some of the interesting pieces we carry--- great for gifts. Come on in and take a look.
2.64 cash for regular

62.

By selling the following items in its GITERDONE store, Defendant infringes Plaintiff's trademark registrations for GIT-R-DONE in connection with:

     a.     "drinking cups and beverage ware" (Registration Number 4504819)

     b.     "cigarette lighters" (Registration No. 4414993),

     c.     "packaged meats" (Registration No. 4414934),

     d.     "hand lotions" (Registration No. 4210138),

     e.     "belt buckles" (Registration No. 4285168),

     f.     "bottle openers, coozies" (Registration No. 3050893),

     g.     "jewelry" (Registration No. 3050895),

     h.     "hard hats, protective glasses and work gloves," (Registration No. 4588701),

     i.     "novelty buttons" (Registration No. 3050894), and

     j.     "stickers and posters" (Registration No. 2937621).

63.

Defendant also features a series of infringing images on its FaceBook page in which it prominently features the Infringing Mark.

64.

Defendant also uses blue collar, down-home, Southern-type language in its promotions, which is something that Larry the Cable Guy is known for. For example, when promoting some of its products on FaceBook, Defendant states, "[c]ome on in and check out . . . ," and t-shirts say, "Get you're a** to Giterdone."




65.

Additionally, Defendant parks an old truck in front of its store which is reminiscent of the cartoon tow truck, *Mater*, for which Mr. Whitney provides the voice in Disney's *Cars* movie franchise:




*About Defendant's Trademark Registration for GITERDONE*
*in Connection With Retail Convenience Stores Services (Registration Number 3794096)*

66.

Despite apparently opening its store in 2013, in October 2008, Defendant filed an application for a trademark registration for the Infringing Mark for "retail convenience stores."

67.

In its trademark registration application, Defendant claimed that it first used GITERDONE in interstate commerce of June 2009.

68.

However, the specimen Defendant submitted with its application to the Trademark Office is only a tag carrying the Infringing Mark:



(Defendant's Specimen, filed August 18, 2009 in Trademark Application Serial Number: 77589325).

69.

It was not until July 8, 2015 that Defendant submitted an acceptable specimen (below) to support its trademark registration application:



70.

To the best of Plaintiff's knowledge, in its trademark registration application for GITERDONE, Defendant misrepresented to the United States Patent and Trademark Office Defendant's date of first use in commerce of the trademark was in June 2009, instead of when it actually opened its store (which Plaintiff believes was in 2013).

71.

By spelling the word "get" as "git," Defendant purposefully imitates the Southern-style pronunciation Mr. Whitney uses when he says his famous phrase. Furthermore, GITERDONE is an atypical type name for a convenience store or gas station, chosen only to steal Plaintiff's goodwill.

72.

Defendant chose GITERDONE for the purposes of invoking among the buying public Mr. Whitney's likeness and to trade on his and Plaintiff's goodwill. That is particularly true because Mr. Whitney's act largely appeals to Southerners – meaning that Defendant's store is located in an area where Mr. Whitney's popularity is the greatest.

**Count I - Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

73.

Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 72 above and those in Paragraphs 80 through 99 below, as if fully set forth herein.

74.

Defendant's use of the Infringing Mark infringes upon Plaintiff's federal trademark registrations for GIT-R-DONE, as detailed in the preceding Paragraphs.

75.

GIT-R-DONE and GITERDONE are phonetically identical, and are nearly identical in appearance. The only differences are the absence in the Infringing Mark of hyphens and the addition of the letter "e" buried in the middle of the Infringing Mark. Neither the hyphens nor the additional "e" give GITERDONE a different commercial impression as GIT-R-DONE.

76.

Defendant's use of the Infringing Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

77.

As detailed in the preceding paragraphs, Defendant has used a mark confusingly similar to Plaintiff's federally registered Marks in violation of 15 U.S.C. § 1114, and unless prohibited by this Court, Defendant's activities are likely to cause confusion and deception of the members of the trade and the public, as well as injury to Plaintiff's goodwill and reputation as symbolized by its federally registered Marks, for which Plaintiff has no adequate remedy at law.

78.

Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Marks to Plaintiff's great and irreparable injury.

79.

Defendant have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### Count II - Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition Under Section 43(A)(1)(A) Of The Lanham Act, 15 U.S.C. § 1125(A)(1)(A)

80.

Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 79 above and those in Paragraphs 85 through 99 below, as if fully set forth herein.

81.

Defendant's use of its nearly identical Infringing Mark is likely to cause confusion with Plaintiff's GIT-R-DONE trademarks.

82.

Defendant have used a mark confusingly similar to Plaintiff's federally registered Marks in violation of 15 U.S.C. § 1125(a)(1)(A), and unless prohibited by this Court, Defendant's activities are likely to cause confusion and deception of the members of the trade and the public, as well as injury to Plaintiff's goodwill and reputation as symbolized by its federally registered Marks, for which Plaintiff has no adequate remedy at law.

83.

Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Marks to Plaintiff's great and irreparable injury.

84.

Defendant have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count III - Trademark Dilution
## Under Section 43(C) of the Lanham Act, 15 U.S.C. § 1125(C)

85.

Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 84 above and those in Paragraphs 88 through 90 below, as if fully set forth herein.

86.

Git-R-Done Productions' GIT-R-DONE trademark is famous, as "famous" is used in 15 U.S.C. § 1125(c). Furthermore, GIT-R-DONE was famous before Defendant's first use of the Infringing Mark, based on, among other things, the inherent distinctiveness of the federal registrations of the GIT-R-DONE trademark and the extensive nationwide use, advertising, promotion, and recognition of the GIT-R-DONE mark.

87.

Defendant's actions, as described above, are likely to dilute the distinctive quality of Git-R-Done Productions' GIT-R-DONE trademark/tagline by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## Count IV - Trademark Infringement And
## Unfair Competition Under Mississippi Common Law

88.

Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 87 above and those in Paragraphs 93 through 99 below, as if fully set forth herein.

89.

Defendant's actions, as described above, are likely to cause confusion or mistake, or to deceive the public, as to an affiliation, connection, or association between Git-R-Done Productions and Defendant.

90.

Defendant's actions, as described above, are likely to cause confusion or mistake, or to deceive the public, as to the origin, sponsorship, or approval of Defendant, the products it sells, its services or its commercial activities.

91.

Defendant's actions constitute infringement of Git-R-Done Productions' proprietary rights in GIT-R-DONE, misappropriation of Git-R-Done Productions' goodwill in the mark, and unfair competition under Mississippi common law.

92.

Defendant's actions as described above constitute material misrepresentations as to its affiliation, connection, or association of Defendant with Git-R-Done Productions, or as to the origin, sponsorship, or approval of Defendant, its products, its services, and its commercial activities by or with Git-R-Done Productions. These material misrepresentations have caused or are likely to cause diversion of trade or harm to the goodwill of Git-R-Done Productions and constitute unfair competition under Mississippi common law.

## Count V - Cancellation Of Defendant's
## Us Trademark Registration No. 3794096

93.

Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs1 through 92 above and those in Paragraphs 98 through 99 below, as if fully set forth herein.

94.

Defendant obtained United States Trademark Registration No. 3794096 for the mark GITERDONE in connection with "retail convenience stores".

95.

Defendant's application for, registration and continued unauthorized use of GITERDONE violates Git-R-Done Productions' exclusive rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) in that Defendant's unauthorized use and registration misrepresents that source of the goods or services on or in connection with which the mark is used and because Defendant's unauthorized use and registration falsely suggests a connection with Git-R-Done Productions.

96.

In addition, Defendant's registration was obtained fraudulently.  Defendant's statement in its application for registration, of first use in commerce of June 2009 was fraudulent. Defendant's statement of a first use date in June 2009 was a material misrepresentation of fact made with intent to deceive the United States Patent and Trademark Office.

97.

Git-R-Done Productions seeks cancellation of Defendant's United States Trademark Registration No. 3794096 pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

## Jury Demand

### 98.

Git-R-Done Productions demands a trial by jury for all issues so triable.

## Prayer for Relief

### 99.

WHEREFORE, Git-R-Done Productions respectfully requests that the Court enter judgment in its favor on each and every Count set forth above and award it relief, including but not limited to the following:

A.  An Order declaring that Defendant's use of the Infringing Mark infringes and dilutes Git-R-Done Productions' GIT-R-DONE trademark/tagline, and constitutes unfair competition under federal and/or state law as detailed above.

B.  Preliminarily and permanently enjoin and restrain Defendant from:

    a.  from using, registering, or seeking to register GETERDONE or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of Git-R-Done Productions' GIT-R-DONE trademark/tagline in manners likely to cause confusion or dilution with Git-R-Done Productions' GIT-R-DONE trademark/tagline trademark/tagline, including but not limited to in connection with any other wording or designs;

    b.  from representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant or any activities undertaken by Defendant, are associated or connected in any way with Git-R-Done Productions or sponsored by or affiliated with Git-R-Done Productions in any way; and

  c. doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or the trade or to lead persons into the erroneous belief that Defendant or any of Defendant's services or products are associated with Plaintiff;

C. Direct Defendant to deliver to Plaintiff all labels, tags, boxes, signs, packages, forms, advertisements, bags, and other items in their possession, custody or control bearing the Marks or Infringing Mark, or any other word, mark, or name, which is confusingly similar to or suggestive of the Marks, or which is likely to cause confusion or mistake or to deceive;

D. Direct Defendant to destroy all materials in their possession, custody, or control, which use or otherwise contain the Infringing Mark, under 15 U.S.C. §1118;

E. Require Defendant, under 15 U.S.C. § 1117, to account to Plaintiff for any and all profits derived by it, and for all damages sustained by Plaintiff by reason of the infringement;

F. Require Defendant, under 15 U.S.C. § 1117, to account to Plaintiff for any and all profits derived by it, and for all damages sustained by Plaintiff by reason of Defendant's acts complained of herein;

F. Impose treble damages against Defendant for their willful trademark infringement, under 15 U.S.C. § 1117;

G. Cancel Defendant's U.S. Trademark Registration No. 3794096;

H. Award Plaintiff its reasonable attorney's fees, costs, and disbursements incurred on account of this civil action;

I. Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted this _18th_ day of November, 2015.

**COPELAND COOK TAYLOR & BUSH**

William E. Whitfield, III
Gulf Coast Professional Towers
2781 C.T. Switzer Sr. Drive
Suite 200
Biloxi, MS 39531
(228) 863-6101 – telephone
(228) 868-9077 – facsimile
bwitfield@wewiii.net