IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GIT-R-DONE PRODUCTIONS, INC. | PLAINTIFF/ COUNTERCLAIM DEFENDANT |
| v. | CAUSE NO. 1:15CV386-LG-RHW |
| GITERDONE C STORE, LLC | DEFENDANT/ COUNTERCLAIM PLAINTIFF |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING LEAVE TO FILE AMENDED COUNTERCLAIM

BEFORE THE COURT is the [20] Motion for Judgment on the Pleadings filed by Plaintiff/Counterclaim Defendant Git-R-Done Productions, Inc. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff requests that the Court dismiss the Counterclaim brought by Defendant/Counterclaim Plaintiff Gitderdone C Store, LLC ("Defendant") for failure to state a claim. The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be granted, but will allow Defendant Giterdone C Store to amend its Counterclaim within fourteen days to attempt to cure the deficiencies therein.

### BACKGROUND

This is an action for trademark infringement and related claims. On November 18, 2015, Plaintiff Git-R-Done Productions, Inc., a Florida corporation, sued Defendant Giterdone C Store, LLC, the owner of Giterdone gas station and convenience store located in Diamondhead, Mississippi. Plaintiff contends that "Defendant has purposefully misappropriated" the well-known Git-R-Done "tagline

and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage name, Larry the Cable Guy." (Compl. 1 (¶1), ECF No. 1).  It further alleges that "Defendant's actions are infringing [Plaintiff]'s trademark rights and causing it damages." (*Id.*).  Plaintiff seeks, *inter alia*, injunctive relief, cancellation of Defendant's trademark, and monetary damages. (*See id.* at 30-31 (¶99)).

On December 21, 2015, Defendant filed its [18] Amended Answer and Counterclaim against Plaintiff.  Defendant alleges that it has a federally registered trademark "in Class 35 for retail convenience stores[,]" that Plaintiff "and its licensees have used confusingly similar imitations to [Defendant]'s . . . trademark in violation of" federal trademark law, and that "their activities have caused confusion . . . ." (*See* Answer and Counterclaim 9 (Counterclaim ¶¶ 4-5), ECF No. 18).  It states that unless Plaintiff and its licensees "are enjoined by this court they will continue to cause a likelihood of confusion and deception with members of the trade and public and, additionally, injury to [Defendant]'s good will and reputation . . . ." (*See id.* (Counterclaim ¶5)).  It also alleges that Plaintiff's "infringing goods and services . . . have caused and are likely to cause confusion, deception and mistake by creating the false and misleading impression that such goods and services of [Plaintiff] are associated or connected with" Defendant. (*See id.* (Counterclaim ¶6)).

Plaintiff argues in its Motion that Defendant's allegations are insufficient to state a claim for trademark infringement.  Defendant has opposed the Motion, and requested in the alternative that the Court allow it to amend its Counterclaim to

2

correct any perceived deficiencies.

## THE LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). This action is in its very early stages and the pleadings are not yet closed. Whether Plaintiff is actually proceeding under Rule 12(b)(6) for failure to state a claim or under Rule 12(c), the standard is the same. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) ("'The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'") (citation and brackets omitted).

The Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); *Bosarge*, 796 F.3d at 439. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* However, "[a] pleading that

3

offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Bosarge*, 796 F.3d at 439 (citation and quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, quotation marks, and brackets omitted).

## DISCUSSION

"A prima facie trademark infringement case is made out by proof of two elements: that the plaintiff owns a legally protected mark, and there is a likelihood of confusion between [its] mark and the defendant's mark."[1] *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 294 (5th Cir. 2015); *see also* 15 U.S.C. § 1125(a). With respect to the first element, Defendant alleges that it "obtained its registration from the U.S. Patent and Trademark Office and its trademark was registered on May 25, 2010; it was registered in Class 35 for retail convenience stores and was first used in commerce on June 24, 2009." (*See* Answer and Counterclaim 9 (Counterclaim ¶4), ECF No. 18). For purposes of its Motion only, Plaintiff "does not

---

[1] Neither party discusses Defendant's allegations of "unfair trade practice[,]" of violation(s) of unidentified "Mississippi state laws[,]" and "for liability under 17 U.S.C. Section 512 F . . . ." (*See* Answer and Counterclaim 10 (Counterclaim ¶¶ 8-10), ECF No. 18). Regardless, these allegations are the type of "labels and conclusions" that "will not do." *See Bosarge*, 796 F.3d at 439 (citation and quotation marks omitted). Indeed, the Court is unable to decipher whether Defendant is trying to state additional causes of action beyond trademark infringement, yet another reason for requiring Defendant to amend its Counterclaim. Any Amended Counterclaim should specifically set out each cause of action – including the applicable statute, if any – Defendant is attempting to state against Plaintiff.

dispute that Defendant has sufficiently pled the first element . . . ."[2]  (*See* Pl.'s Mot. 4, ECF No. 20).  Instead, Plaintiff challenges the sufficiency of the Counterclaim on the second element: likelihood of confusion.

Having reviewed the Counterclaim, the Court is of the opinion that Defendant's allegations amount to nothing more than conclusory assertions regarding this element, with no real factual support.  *See U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoof & McCollister*, No. 15-30043, 2015 WL 5693302, at *1 (5th Cir. Sept. 29, 2015) ("While a complaint does not need detailed factual allegations, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,] do not establish facial plausibility . . . .") (citations and quotation marks omitted).  This is not enough.  *See Bosarge*, 796 F.3d at 439; *see also, e.g.*, *Just Add Water, Inc. v. Everything But Water, Inc.*, No. 3:04-cv-2085-H, 2005 WL 1206874, at *4 (N.D. Tex. May 18, 2005) (Plaintiff's conclusory allegations that the "Defendant's marks are likely to cause confusion because of 'various acts' conducted by Defendant and that the marks are 'confusingly similar'" was the type of "boilerplate language [that] is insufficient to establish a cause of action for trademark infringement") (granting motion to dismiss); *cf. Farouk Sys., Inc. v. Costco Wholesale Corp.*, 700 F. Supp. 2d 780, 785-86 (S.D. Tex. 2010) (discussing allegations sufficient to survive

---

[2] The Court will not convert the Motion into one for summary judgment, even though Defendant submitted an exhibit with its Opposition.  The Court has no need to consider the exhibit, which Defendant states "includes the verification of the trademark issued to" it, (Def.'s Opp. 3, ECF No. 22), because whether or not Defendant has sufficiently pled ownership of a protectable mark is not an issue in the Motion.

5

motion to dismiss in a trademark infringement action); *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, No. 3:11-cv-3237-D, 2012 WL 1571080, at *3 (N.D. Tex. May 4, 2012) (same). Accordingly, the Court finds that Defendant's Motion is well-taken.

The Court is not persuaded by Defendant's argument that Plaintiff's Motion is inappropriate since the Counterclaim " has a legitimate legal basis which will be supplemented with more factual details once a proper discovery process has been" permitted. (*See* Def.'s Opp. 3, ECF No. 22). As recognized by the United States Supreme Court, while the tenets of notice pleading embodied in Federal Rule of Civil Procedure 8[3] mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [they] do[] not unlock the doors of discovery for a p[arty] armed with nothing more than conclusions." *See Iqbal*, 556 U.S. at 678-79.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [20] Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's request to amend its Counterclaim is **GRANTED**. Defendant is ordered to file an Amended Counterclaim within fourteen (14) days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] In pertinent part, that rule provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."