IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GIT-R-DONE PRODUCTIONS, INC.**                                    **PLAINTIFF/
                                                             COUNTERCLAIM DEFENDANT**

v.                                                    CAUSE NO. 1:15CV386-LG-RHW

**GITERDONE C STORE, LLC**                                     **DEFENDANT/
                                                             COUNTERCLAIM PLAINTIFF**

**MEMORANDUM OPINION AND ORDER GRANTING
SECOND MOTION FOR JUDGMENT ON THE PLEADINGS AND
GRANTING LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**

BEFORE THE COURT is the [32] Second Motion for Judgment on the Pleadings filed by Plaintiff/Counterclaim Defendant Git-R-Done Productions, Inc. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(c).  Plaintiff requests dismissal of the Amended Counterclaim brought by Defendant/Counterclaim Plaintiff Gitderdone C Store, LLC ("Defendant").  The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be granted, but will allow Defendant Giterdone C Store one last opportunity to amend its Counterclaim.

**BACKGROUND**

This is an action for federal trademark infringement and related claims.  On November 18, 2015, Plaintiff Git-R-Done Productions, Inc., sued Defendant Giterdone C Store, LLC, the owner of Giterdone gas station and convenience store located in Diamondhead, Mississippi.  Plaintiff contends that "Defendant has purposefully misappropriated" the well-known Git-R-Done "tagline and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage

name, Larry the Cable Guy." (Compl. 1 (¶1), ECF No. 1). It further alleges that "Defendant's actions are infringing [Plaintiff]'s trademark rights and causing it damages." (*Id.*).

On December 21, 2015, Defendant filed its [18] Amended Answer and Counterclaim against Plaintiff, including a purported claim for federal trademark infringement. Plaintiff moved to dismiss the Counterclaim, which Motion the Court granted. Nonetheless, the Court allowed Defendant to amend its Counterclaim to attempt to correct the deficiencies therein. Defendant then filed its [27] Amended Counterclaim, which Plaintiff has now moved to dismiss.

In its current Motion, Plaintiff argues that Defendant lacks standing and otherwise cannot state a claim for federal trademark infringement. Defendant has opposed the Motion, and has requested in the alternative that the Court allow it to amend its Counterclaim once again. It has also argued that its claims other than federal trademark infringement should proceed because Plaintiff did not address those claims.

## THE LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation and brackets omitted). The Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.*

2

(citation omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Bosarge*, 796 F.3d at 439 (citation and quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, quotation marks, and brackets omitted).

While the Court will generally not consider matters outside the pleadings in deciding a 12(b)(6) motion, *see* Fed. R. Civ. P. 12, the Fifth Circuit has stated that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts

ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

## DISCUSSION

Defendant states that Federal Rule of Civil Procedure 8 "provides liberal notice pleading standards[,]" (Def.'s Opp. 5, ECF No. 41), which it believes it has met. It further argues that Plaintiff's Motion is inappropriate since the Counterclaim "has a legitimate legal basis which will be supplemented with more factual details once a proper discovery process has been" permitted. (*Id.* at 5).

Rule 8 states in pertinent part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." As recognized by the United States Supreme Court, while the tenets of notice pleading embodied in Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [they] do[] not unlock the doors of discovery for a p[arty] armed with nothing more than conclusions." *See Iqbal*, 556 U.S. at 678-79.

As discussed below, the Court is of the opinion that Defendant's Amended Counterclaim contains the exact type of conclusory allegations that the Supreme Court has found insufficient or that are otherwise insufficient under the applicable law, including standing issues at issue here. Accordingly, the Court rejects Defendant's contention that the Court should deny Plaintiff's Motion and allow for discovery to proceed.

**Defendant's Alleged Claims Other Than Federal Trademark Infringement**

Much of the confusion created by the Amended Counterclaim is based on Defendant's disregard of the Court's directives. Specifically, both the Court and Plaintiff were unable to discern from the original Counterclaim whether Defendant was trying to state claims beyond federal trademark infringement, including state law claims and a claim pursuant to 17 U.S.C. § 512(f). Regardless, the Court found that Defendant's allegations with respect to any additional claims "were the type of 'labels and conclusions' that 'will not do.'" (*See* Order 4, n.1, ECF No. 26) (quoting *Bosarge*, 796 F.3d at 439). It then stated that "[a]ny Amended Counterclaim should specifically set out each cause of action – including the applicable statute, if any – Defendant is attempting to state against Plaintiff." (*Id.*).

Instead of doing so, Defendant's Amended Counterclaim fails to identify *any* causes of action, and at least with respect to the purported claims beyond federal trademark infringement, contains the same labels and conclusions that the Court has already rejected. Defendant's argument that Plaintiff has failed to address its claims with respect to "Plaintiff's business constituting unfair trade practices under Mississippi state law" and claims "arising under 17 U.S.C. §512(f) and other similar claims[,]" (*see* Def.'s Opp. 2-3, ECF No. 41) is disingenuous. Indeed, Defendant's contention that it has brought "other similar claims" leads the Court to conclude that Defendant itself is unsure of what claims it is stating.

However, the Court will give Defendant a final chance to amend its Counterclaim to define its claims and to state **supporting facts**, including

complying with the Court's previously ignored directives.[1]  To be clear, a Second Amended Counterclaim should include separate headings for each Count Defendant is attempting to state against Plaintiff so that both the Court and Plaintiff can discern what the actual claims are.  Allegations of "other similar claims" will not suffice, and future amendments likely will not be permitted.  *See, e.g.*, *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

**Defendant's Claim For Federal Trademark Infringement**

Defendant also alleges that Plaintiff has infringed upon its federally registered GitErDone trademark "by using confusingly similar imitations to [that] trademark in violation of Section 31(1) of the Lanham Act, 15 U. S. C. §1114(1)." (Am. Counterclaim 4 (¶11), ECF No. 27; *see also id.* at 7 (¶¶ 18-19)).  Defendant identifies its registered trademark as Registration No. 3,794,096.  (*See id.* at 2 (¶4)).

Plaintiff argues that dismissal is warranted because Defendant does not own the Registration, but, rather, the registered owner is 443-B Yacht Club Drive LLC.  In support, it has attached to its Motion a United States Patent and Trademark Office (USPTO) registration record showing the owner of the GitErDone trademark as 443-B Yacht Club Drive LLC, a Mississippi limited liability company.

---

[1] 17 U.S.C. § 512(f) pertains to copyright infringement, and there is no mention of any copyright in any of Defendant's filings with the Court.  Should Defendant's attorneys choose to submit a Second Amended Counterclaim, they are reminded of Federal Rule of Civil Procedure 11, which states, *inter alia*, that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] the claims, defenses, and other legal contentions are warranted by existing law . . . ."

Defendant's sole response is that its is inappropriate for the Court to consider the USPTO record in ruling on the Motion. (*See* Def.'s Opp. 3, ECF No. 41). However, the court may take judicial notice of trademark registrations. *See, e.g.*, *Flu Shots of Tex., Ltd. v. Lopez*, No. 3:13-cv-144-O, 2014 WL 1327706, at *5 (N.D. Tex. Apr. 3, 2014); *Govango, Inc. v. Malabar Bay, LLC*, No. 11-1600, 2012 WL 1836178, at *2 (E.D. La. May 21, 2012); *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 WL 6225822, at *2 (E.D. La. June 13, 2005); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

Defendant has cited no binding authority and the Court has found none that it may not or should not take judicial notice of the registration which conclusively shows that Defendant is not the owner of the trademark at issue.[2] Absent ownership of the registered mark at issue, the Court concludes that Defendant lacks standing to assert its federal trademark claim based on a registered trademark pursuant to 15 U.S.C. § 1114.[3] *See Flu Shots of Tex.*, 2014 WL 1327706, at *5; *see also Ass'n of Co-ope Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1139 n.4 (5th Cir. 1982) ("Although federal law does recognize a cause of action for

---

[2] The Court's own review of documents available from the United States Patent and Trademark Office also show that the Registration is, in fact, registered to an entity identified as 443-B Yacht Club Drive LLC, and not Defendant Gitderdone C Store, LLC. *See, e.g.*, *March Madness Athletic Ass'n, L.L.C. v. Netfire, Inc.*, 310 F. Supp. 2d 786, 803 n.65 (N.D. Tex. Aug. 28, 2003) (taking judicial notice of documents available at uspto.gov).

[3] Because the Court finds that Defendant does not have standing to assert its federal trademark infringement claim, the Court need not consider the additional arguments raised by Plaintiff in its Motion for dismissal of this claim.

trademark infringement, 15 U.S.C. s 1114(1), relief is available only to owners of federally registered trademarks . . . .").

Nevertheless, Defendant states that it can state a claim "even if this infringement is of an unregistered mark." (Def.'s Opp. 3, ECF No. 41). "Trademark infringement pursuant to 15 U.S.C. § 1114 *requires* registration." *Burkitt*, 2005 WL 6225822, at *11 n.69 (emphasis added). The primary case cited by Defendant, *Alpha Kappa Alpha Sorority, Inc. v. Converse, Inc.*, 175 F. App'x 672 (5th Cir. 2006), discussed a claim made pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which does not require registration. *See also Flu Shots of Tex.*, 2014 WL 1327706, at *6 ("Under Section 43(a) of the Lanham Act, standing is conferred more broadly than under 15 U.S.C. § 1114 . . . ."); *Burkitt*, 2005 WL 6225822, at *11.

"Specifically, Section 43(a) . . . confers standing on any person who 'believes that he or she is or is likely to be damaged by' a violation of the provisions of 15 U.S.C. § 1125(a)." *Flu Shots of Tex.*, 2014 WL 1327706, at *6. "Section 1125(a) creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Id.* (citation and quotation marks omitted); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014).

Again, the confusion herein lies in Defendant's failure to follow the Court's directives. The Court offers no opinion as to whether Defendant can state a claim under § 1125, but will allow Defendant to amend its Counterclaim as discussed above. *See, e.g., U.S. ex rel. Willard*, 336 F.3d at 387.

CONCLUSION

For the reasons discussed herein, the Court finds that the Plaintiff/Counterclaim Defendant's Motion for Judgment on the Pleadings is well-taken, but will allow the Defendant/Counterclaim Plaintiff a final opportunity to amend its Counterclaim to attempt to state a claim or claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [32] Second Motion for Judgment on the Pleadings Motion filed by Plaintiff/Counterclaim Defendant Git-R-Done Productions, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's request to amend its Counterclaim is **GRANTED**. Defendant is ordered to file a Second Amended Counterclaim complying with the directives discussed herein within fourteen (14) days of the date of this Order. Failure to comply with the Court's directives may result in immediate dismissal of the Second Amended Counterclaim.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE