IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GIT-R-DONE PRODUCTIONS, INC.                         PLAINTIFF/
                                          COUNTERCLAIM DEFENDANT

v.                                    CAUSE NO. 1:15CV386-LG-RHW

GITERDONE C STORE, LLC                               DEFENDANT/
                                          COUNTERCLAIM PLAINTIFF

## MEMORANDUM OPINION AND ORDER GRANTING THIRD MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING COUNTERCLAIM

BEFORE THE COURT is the [79] Third Motion for Judgment on the

Pleadings filed by Plaintiff/Counterclaim Defendant Git-R-Done Productions, Inc.

("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(c).  Plaintiff requests

dismissal of the [62] Second Amended Counterclaim brought by Defendant/

Counterclaim Plaintiff Giterdone C Store, LLC ("Defendant").  Defendant has

opposed the Motion and Plaintiff has filed a Reply.

The Court has considered the submissions of the parties and the applicable

law and finds that the Motion should be granted.  Defendant has not alleged that it

was the senior user of the Git-R-Done trademark at issue.  Moreover, the Court has

taken judicial notice of trademark registrations establishing that Defendant did not

have priority of use over Plaintiff based on the allegations in Defendant's

Counterclaim that it first used the phrase Giterdone in 2009 at the earliest.

### BACKGROUND

This is an action for federal trademark infringement and related claims.  On

November 18, 2015, Plaintiff Git-R-Done Productions, Inc., sued Defendant

Giterdone C Store, LLC, the owner of the Giterdone gas station and convenience store located in Diamondhead, Mississippi.  Plaintiff contends that "Defendant has purposefully misappropriated" the well-known Git-R-Done "tagline and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage name, Larry the Cable Guy."  (Compl. 1 (¶1), ECF No. 1).

On December 21, 2015, Defendant filed a Counterclaim against Plaintiff. Plaintiff moved to dismiss the Counterclaim, which Motion the Court granted, but allowed Defendant to amend its Counterclaim to attempt to correct the deficiencies therein.  Defendant then filed an Amended Counterclaim.  Plaintiff moved for judgment on the pleadings a second time, which Motion the Court again granted. However, the Court gave Defendant one final opportunity to amend its Counterclaim, which Defendant did.

Defendant's [62] Second Amended Counterclaim includes claims against Plaintiff for federal trademark infringement pursuant to 15 U.S.C. § 1125(a)(1) and a common law claim for trademark infringement pursuant to Mississippi state law. According to Defendant, "Plaintiff has infringed upon [its] unregistered 'GitErDone' mark by using the similar imitation of 'Git-r-done'."  (Sec. Am. Counterclaim at 7 (¶15), ECF No. 62).

Plaintiff has moved for judgment on the pleadings for a third time.  It first argues that Defendant failed to comply with the Court's previous Order to include separate headings for each claim.  However, albeit that Plaintiff's § 1125(a)(1)

2

claims are grouped together under one heading,[1] unlike past Counterclaims, the Second Amended Counterclaim clearly puts Plaintiff on notice of the purported claims against it.

Plaintiff also argues that "[e]ven if all the facts pled in the . . . counterclaim were true, Defendant could not prevail. . . because it is the junior user and its trademark rights are inferior to Plaintiff's." (Pl. Mem. 6, ECF No. 80). It contends that Defendant's common law claim fails for the same reason. (*See id.*). For the reasons discussed below, the Court agrees with Plaintiff and will dismiss the Counterclaim in its entirety.

## DISCUSSION

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation and brackets omitted).

The Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

---

[1] "Section 1125(a) creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Flu Shots of Tex., Ltd. v. Lopez*, No. 3:13-cv-144-O, 2014 WL 1327706, at *6 (N.D. Tex. Apr. 3, 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court will generally not consider matters outside the pleadings in deciding a 12(b)(6) motion, the Fifth Circuit has stated that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**Federal Trademark Infringement Pursuant To 15 U.S.C. § 1125(a)(1)**

"Rights in a trademark are determined by the date of the mark's first use in commerce." *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 909 (2015). "The party who first uses a mark in commerce is said to have priority over other users." *Id.* "'It is therefore only the senior user of a mark that can bring a claim for trademark infringement.'" *Elastic Wonder, Inc. v. Posey*, No. 13-cv-563 (JGK), 2016 WL 1451545, at *5 (S.D.N.Y. Apr. 12, 2016).

Thus, "a plaintiff must plead facts demonstrating that, through its use in commerce, the plaintiff had won the race to the marketplace such that it owns the exclusive right to use a particular mark." *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 935 (S.D. Tex. 2004), *aff'd*, 129 F. App'x 874, 876 (5th Cir. 2005); *Se. Clinical Nutrition Ctrs., Inc. v. Mayo Found. for Med. Educ. & Res.*, 135 F. Supp. 3d 1267, 1272-74 (N.D. Ga. Oct. 29, 2013) (priority of use is a threshold matter that plaintiff must allege); *see also id.* at 1274 n.5. Defendant has not done

4

so, and the Court could dismiss its § 1125(a)(1) claim based solely on this pleading deficiency.

In any event, the Court has confirmed that Plaintiff, not Defendant, enjoys senior user status of the phrase at issue by taking judicial notice of Plaintiff's trademark registrations.  *See, e.g., Govango, Inc. v. Malabar Bay, LLC*, No. 11-1600, 2012 WL 1836178, at *2 (E.D. La. May 21, 2012) (court may take judicial notice of trademark registrations); *accord Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 WL 6225822, at *2 (E.D. La. June 13, 2005); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).  Namely, Plaintiff's trademark registrations were filed – at the latest – in 2005.[2]  (*See* Trademark Registrations, ECF Nos. 74-1, 74-2, 74-3, 74-4, & 74-5); 15 U.S.C. § 1057(c).  The face of Defendant's Counterclaim shows that it did not use the phrase until 2009. (*See* Sec. Am. Counterclaim 3, 6 (¶¶ 6, 13)).  As a result, the Court is of the opinion that Defendant does not have a federal trademark infringement claim against Plaintiff that is plausible on its face.

**Common Law Trademark Infringement Pursuant to Mississippi State Law**

Although there is no Mississippi law directly on point, the Court is of the opinion that Mississippi courts would follow federal law and require that a party be

---

[2] Plaintiff states that it first used the phrase prior to the registration dates, and the registrations reflect first use dates as early as 1991.  However, a "registration is not proof of use dating back to the date of first use claimed in the application.  It is evidence of first use only as of its filing date."  J. Thomas McCarthy, 2 McCarthy on Trademarks & Unfair Competition § 16:19 (4th ed.). Regardless, the latest filing date still establishes that Plaintiff is the senior user.

a senior user to assert a trademark infringement claim. *See, e.g.*, *Daumit Stores, Inc. v. Brown*, 163 So. 2d 466, 470 (Miss. 1964) ("the right to a trademark grows out of its use"); *see also Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1022 (11th Cir. 1989) ("Under the common law, trademark rights are appropriated only through actual prior use in commerce.") (citing *United States v. Steffens*, 100 U.S. 82 (1879)); *Se. Clinical Nutrition,* 135 F. Supp. 3d at 1274 n.5. Accordingly, Defendant's state law claim will also be dismissed.

## CONCLUSION

Defendant has failed to state a claim that is plausible on its face against Plaintiff, despite having multiple opportunities to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [79] Third Motion for Judgment on the Pleadings filed by Plaintiff/Counterclaim Defendant Git-R-Done Productions, Inc. is **GRANTED**. The [62] Second Amended Counterclaim brought by Defendant/Counterclaim Plaintiff Giterdone C Store, LLC is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE