IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GIT-R-DONE PRODUCTIONS, INC.**  **PLAINTIFF**

v.  CAUSE NO. 1:15CV386-LG-RHW

**GITERDONE C STORE, LLC and**
**443-B YACHT CLUB DRIVE LLC**  **DEFENDANTS**

## ORDER DENYING MOTION IN LIMINE

BEFORE THE COURT is the [124] Motion in Limine to Exclude Plaintiff's Expert Testimony and Materials filed by Defendant Giterdone C Store, LLC. Having reviewed the submissions of the parties and the applicable law, the Court is of the opinion that the Motion should be denied. The expert testimony and materials at issue meet the standards of admissibility under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

### BACKGROUND

This is an action for federal trademark infringement and related claims. Plaintiff Git-R-Done Productions, Inc., originally sued Defendant Giterdone C Store, LLC, the owner of the Giterdone gas station and convenience store located in Diamondhead, Mississippi. The Court later allowed an amendment to add Defendant 443-B Yacht Club Drive LLC, although that Defendant is not a party to the current Motion.[1]  Plaintiff contends that "Defendant has purposefully

---

[1] For ease of reference, the Court will simply refer to "Plaintiff" and "Defendant" throughout this Order.

misappropriated" the well-known Git-R-Done "tagline and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage name, Larry the Cable Guy." (Compl. 1 (¶1), ECF No. 1).

Plaintiff retained expert Sarah Butler to provide a report and survey "to evaluate the extent to which the general population has any association with the phrase GIT-R-DONE." (Butler Rep. 4, ECF No. 124-1). Defendant does not challenge Ms. Butler's qualifications, but states that her "survey and report suffer from serious and fatal design flaws, poor execution, and conclusions . . . ." (Mot. 1-2, ECF No. 124).

## DISCUSSION

Pursuant to Federal Rule of Evidence 702, an expert witness may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under the standard for admission of expert witness testimony set forth by the United States Supreme Court in *Daubert*, 509 U.S. 579, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. "'District courts enjoy wide latitude in

determining the admissibility of expert testimony . . . ."' *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (citation omitted). However, "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (quoting *Daubert*, 509 U.S. at 596). "Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder." *Octave v. Beau Rivage Resorts, Inc.*, No. 1:09cv753-LG-RHW, 2011 WL 1099866, at *1 (S.D. Miss. Mar. 22, 2011) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

In the context of surveys in particular, "the general rule is that methodological flaws in a survey bear on the weight the survey should receive, not the survey's admissibility.'" *See Honestech, Inc. v. Sonic Sols.*, 430 F. App'x 359, 361 (5th Cir. 2011) (citation omitted). "Stated differently, methodological errors generally speak to weight not admissibility." *Id.* (citation, quotation marks, and ellipses omitted). "In any event, a survey need not be perfect to be admitted into evidence." *Id.*

The Court has thoroughly reviewed Butler's expert report and survey, as well as Defendant's arguments regarding the same. In doing so, the Court is of the

opinion that all of Defendant's arguments go to the weight, rather than the admissibility, of Butler's testimony, report, and survey. This is simply not a situation where "serious flaws in a survey will make any reliance on that survey unreasonable." *See Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 488 (5th Cir. 2004); *see also, e.g.*, *Octave*, 2011 WL 1099866, at \*1. Rather, the Court finds that the evidence at issue should be allowed, and that Defendant can "attempt to discredit [Butler] and h[er] survey through aggressive cross-examination." *See Honestech*, 430 F. App'x at 362; *see also, e.g.*, *14.38 Acres of Land*, 80 F.3d at 1078.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [124] Motion in Limine to Exclude Plaintiff's Expert Testimony and Materials is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE