## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

GIT-R-DONE PRODUCTIONS, INC.                                    PLAINTIFF

v.                                            CAUSE NO. 1:15CV386-LG-RHW

GITERDONE C STORE, LLC and
443-B YACHT CLUB DRIVE LLC                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS

BEFORE THE COURT is the [115] Motion for Summary Judgment filed by Defendants Giterdone C Store, LLC and 443-B Yacht Club Drive LLC.  Having reviewed the parties' submissions and the applicable law, the Court is of the opinion that the Motion should be denied.[1]

This is an action for federal trademark infringement and related claims. Plaintiff Git-R-Done Productions, Inc., originally sued Defendant Giterdone C Store, LLC, the owner of the Giterdone gas station and convenience store located in Diamondhead, Mississippi.[2]  Plaintiff contends that "Defendant has purposefully misappropriated" the well-known Git-R-Done "tagline and trademark of the famous comedian and actor, Daniel Lawrence Whitney, known by his stage name, Larry the Cable Guy."  (Compl. 1 (¶1), ECF No. 1).  It alleges that "Defendant's actions are

---

[1]The Court denies Defendants' request for oral argument pursuant to Uniform Local Civil Rule 7.

[2] The Court later allowed Plaintiff to amend its Complaint to add Defendant 443-B Yacht Club Drive as a party to its claim for trademark cancellation.  For ease of reference, the Court will simply refer to "Plaintiff" and "Defendant" throughout this Order.

infringing [Plaintiff]'s trademark rights and causing it damages." (*Id.*).  Plaintiff's
Complaint includes claims against Defendant for (1) trademark infringement under
federal law; (2) false designation of origin, passing off, and unfair competition under
federal law; (3) trademark dilution under federal law; (4) trademark infringement
and unfair competition under Mississippi common law; and (5) cancellation of
trademark.  Defendant moves for summary judgment on all claims.

DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that
there is no genuine dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial
burden of identifying those portions of the pleadings and discovery on file, together
with any affidavits or declarations, which it believes demonstrate the absence of a
genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).
The Court views the evidence in the light most favorable to the non-movant.
*Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  If the movant
"fails to meet [its] initial burden, the motion must be denied, regardless of the
nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.
1994).  If the movant carries its burden of demonstrating the absence of a genuine
issue of material fact, the burden shifts to the non-movant to show that summary
judgment should not be granted. *Celotex*, 477 U.S. at 323-25.

Defendant makes the following arguments in support of its Motion: (1)
Plaintiff's mark is generic, and, thus, unprotected; (2) there is no likelihood of

2

confusion between Plaintiff's mark and Defendant's mark; (3) Plaintiff's state law claims fail as a matter of law; (4) Plaintiff cannot prove actual damages; and (5) problems with Plaintiff's expert support summary judgment in its favor.[3]  The Court discusses each argument below.

**Classification of "Git-R-Done"**

"'The threshold issue in any action for trademark infringement is whether the word or phrase is initially registerable or protectable.'"  *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990) (citations omitted).  "To determine whether a word or phrase is protectable, it must first be determined into which category, (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful, the word or phrase belongs."  *Id.*  The parties agree that "Git-R-Done" is not descriptive or suggestive.  Defendant claims that the phrase is generic, while Plaintiff claims that it is arbitrary.

"The significance of assigning a word or phrase to one of these categories is that the assignment determines whether or not, or in what circumstances, the word or phrase is eligible for trademark protection."  *Id.*  "Generic terms are never eligible for trademark protection."  *Id.* (emphasis omitted).  "Descriptive terms may only be protected after proof of secondary meaning, and suggestive, arbitrary or

---

[3] While Defendant makes a single reference to its "fair use defense[,]" (*see* Def. Mem. 2, ECF No. 116), it does not discuss "fair use" or otherwise inform the Court as to why it is entitled to summary judgment in its favor based on this defense, on which it bears the burden of proof.  *See, e.g.*, *King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1164 (S.D. Tex. 1982).

3

fanciful terms are all protectable without proof of secondary meaning." *Id.*

"A generic term is one which identifies a genus or class of things or services, of which the particular item in question is merely a member." *Id.* at 845. "An example of a generic word is 'fish.' 'Fish' is a generic term which applies with equal force to sole, haddock, perch, salmon, bass and carp." *Id.* In contrast, "arbitrary and fanciful terms or phrases are those which are either coined words or words which are not suggestive of the product or service. Here we have a sub-set of classifications within the categories." *Id.* "Fanciful terms are most often coined words such as 'Xerox' or 'Kodak[,]' [while] the term 'arbitrary' refers to ordinary words which do not suggest or describe the services involved. An example is 'Ivory' as applied to Soap." *Id.*

"[T]he categorization of a term is properly considered a matter of fact because the appropriate categorization is not self-evident." *Id.* at 846. "Because categorization is a question of fact, summary judgment is rarely appropriate." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 232 (5th Cir. 2009); *see also, e.g.*, *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333, 2012 WL 2579815, at *1 (E.D. La. July 3, 2012).

> When considering whether a trademark is generic, the Court looks to dictionary definitions, consumer surveys, the so-called 'imagination test,'[4] whether others in the same business would generally need the

---

[4] This test "asks the trier of fact, be it judge or jury, to measure the relationship between the actual words of the mark and the product or service to which they are applied." *Union Nat'l Bank*, 909 F.2d at 847-48 (citation, quotation marks, and brackets omitted).

> word to adequately describe their product or service, expert testimony by language and usage scholars, and evidence regarding how many other businesses, in the same industry, use the term to describe their product.[5]

*Camowraps, LLC v. Quantum Digital Ventures LLC*, 74 F. Supp. 3d 730, 735 (E.D. La. 2015) (citing *Union Nat'l Bank*, 909 F.2d at 847-48) (quotation marks omitted).

None of the evidence cited by Defendant leads this Court to conclude as a matter of law that Git-R-Done is generic. For example, Defendant cites to evidence from its expert Bridget Anderson that the phrase "Get 'er done" is a commonly used phrase "in the American English lexicon[,]" (Anderson Report § 6, ECF No. 118-1), but this evidence does not equate to a showing that "Git-R-Done" is generic. "[T]he *context* in which a word or phrase appears is relevant to determining the proper category for purposes of trademark protection eligibility. The word or phrase *must be compared to the product or service to which it is applied*." *Union Nat'l Bank*, 909 F.2d at 846 (emphasis added) (discussing how "fish" could be categorized into any of the four categories depending on the product or service at issue). Moreover, "[t]he context in which a particular word or phrase is used is examined, not just with respect to how it is used with other words or the products or services to which it is applied, but also to the audience to which the relevant product or service is directed." *Id.*

-----

[5] "This is not to be confused with the likelihood of confusion analysis where the trier of fact looks to *all* third party use, not just use in the same industry, to determine whether the mark is a 'weak' or a 'strong' mark." *Union Nat'l Bank*, 909 F.2d at 848 n.24.

5

Likewise, the Court not persuaded by Defendant's argument that Plaintiff's mark is not entitled to protection because Larry the Cable did not invent the term "Git-R-Done." "The fact that a word is common does not necessarily make it weak or unworthy of protection as a trademark . . . ." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 478 (3d Cir. 1994). "'The significant factor is not whether the word [or in this case, phrase] itself is common, but whether the way the word [or phrase] is used *in a particular context* is unique enough to warrant trademark protection.'" *See id.* (citation omitted) (emphasis added). "The words 'shell,' 'camel' and 'apple' are not uncommon, but they are arbitrary when applied to gasoline, cigarettes and computers." *Id.* Shell, Camel, and Apple, did not invent those words, either, but they are still entitled to trademark protection in the context of gasoline, cigarettes, and computers.

Plaintiff is not seeking to prohibit anyone anywhere from ever using the phrase "Get 'er done," as Anderson's report suggests, but is limited to the alleged improper uses by Defendant. Anderson's report does not address the uses of "Git-R-Done" with respect to the products or services by either party to this lawsuit. While Plaintiff has moved to exclude Anderson's testimony, the Court need not decide that issue at this juncture because, even considering that evidence, it finds that summary judgment in favor of Defendant is not appropriate.

Finally, use of the phrase by other entities is not dispositive. Defendant offers no evidence that the alleged other uses by thirteen different companies, (*see*

6

Def. Mem. 4-5, ECF No. 116), are in the same industry. *See, e.g.*, *Mar. Madness Athletic Ass'n, L.L.C. v. Netfire, Inc.*, 310 F. Supp. 2d 786, 810 (N.D. Tex. 2003). Even if they were, the thirteen other uses (some by Canadian companies who are not subject to United States trademark law in any event) do not conclusively show that Plaintiff's mark is generic. *See, e.g.*, *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513, 1543 (S.D. Tex. 1996).

**Likelihood of Confusion**

Defendant argues that there is no genuine issue of material fact with respect to the likelihood of confusion between its mark – "Giterdone" – and Plaintiff's mark – "Git-R-Done." "Once a plaintiff shows ownership in a protectible trademark, he must next show that the defendant's use of the mark creates a likelihood of confusion in the minds of potential customers as to the source, affiliation, or sponsorship of the products at issue." *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008) (citation and quotation marks omitted). "'Likelihood of confusion is synonymous with a probability of confusion, which is more than a mere possibility of confusion.'" *Id.* (citation omitted).

> When assessing the likelihood of confusion, [courts] consider a nonexhaustive list of so-called 'digits of confusion,' including: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion. Courts also consider (8) the degree of actual care exercised by potential purchasers. No single factor is dispositive, and a finding

of a likelihood of confusion need not be supported by a majority of the factors.

*Id.* (citations and quotation marks omitted).  After consideration of the interplay of these factors,[6] the Court concludes that Defendant has not satisfied its summary judgment burden to establish a lack of genuine issue of material fact with respect to the likelihood of confusion between its mark and Plaintiff's mark.[7]

While Defendant argues that the marks are spelled differently, marks do not have to be identical to create a likelihood of confusion.  *See, e.g.*, *Xtreme Lashes*, 576 F.3d at 234; *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 201 (5th Cir. 1998).  And, the two marks here are identical in pronunciation.  *See, e.g.*, *Dr. Ing. h.c.F. Porsche AG v. Zim*, 481 F. Supp. 2d 1247, 1250 (N.D. Tex. 1979).  The Court further finds that Defendant's argument that "there is no similarity of product in that Plaintiff engages in the comedy entertainment industry and Defendant engages in the convenience store and gas station industry[,]" (Def. Mem. 16, ECF No. 116), is disingenuous based on the pleadings and evidence before it.  And, "[i]t is well established . . . that evidence of actual confusion is not necessary for a finding of likelihood of confusion."  *Smack Apparel*, 550 F.3d at 483.

---

[6] For the sake of brevity, the Court finds it unnecessary to include a detailed analysis of each of Defendant's arguments.

[7] Plaintiff argues that the Court should find likelihood of confusion in its favor as a matter of law.  The Court offers no opinion on that contention here, but, rather, will take up that issue (and similar arguments for summary judgment in Plaintiff's favor) in deciding Plaintiff's Motion for Summary Judgment.

**State Law Claims**

As with federal law, the benchmark of Mississippi common law on trademark infringement and unfair competition is the likelihood of confusion.  *See, e.g.*, *Richardson*, 257 So. 2d at 880; *Dollar Dep't Stores of Miss., Inc. v. Laub*, 120 So. 2d 139, 142-43 (Miss. 1960).  Accordingly, Defendant's argument that it is entitled to summary judgment on Plaintiff's state law claims because there is "no evidence of unfair competition[,]" (Def. Mem. 18, ECF No. 116), is denied for the same reasons already discussed herein.

**Damages**

Defendant cites to testimony that Plaintiff's corporate representative "has no knowledge of a financial loss to Plaintiff as a result of confusion between Plaintiff and Defendant."  (Def. Mem. 9, ECF No. 116; *see also id.* at 24).  Defendant contends that the lack of evidence of actual damages precludes both the federal and state law claims.

"For their [federal] trademark infringement claim, in order for [Plaintiff] to prove a violation of [its] mark, [it] need only show a likelihood of confusion, and not damage extending from actual confusion."  *See Joseph Oat Holdings, Inc. v. RCM Digesters, Inc.*, No. 06-4449(NLH)(JS), 2009 WL 4895262, at *2 (D.N.J. Dec. 11, 2009); *see also* 15 U.S.C. § 1125(a); *Core, Inc. v. Abramson*, 140 F. Supp. 516, 521 (S.D. Miss. 1956).  Similarly, under Mississippi law for unfair competition, "[i]t is not necessary to show actual confusion; [rather, it is] sufficient to show that

confusion is probable or likely to occur." *See Cockrell v. Davis*, 23 So. 2d 256, 261 (Miss. 1945) (citation and quotation marks omitted).

If Plaintiff proves liability, it would be entitled to recover Defendant's profits, the costs of the action, and possibly attorney's fees. *See Joseph Oat*, 2009 WL 4895262, at *2; *see also* 15 U.S.C. § 1117(a); *Premiere Hot Tubs, Inc. v. A-Tex Family Fun Ctr., Inc.*, No. A-12-CA-824-SS, 2013 WL 12078249, at *5 (W.D. Tex. Mar. 28, 2013). Plaintiff could also recover Defendant's profits under Mississippi common law. *See Richardson v. Thomas*, 257 So. 2d 877, 881 (Miss. 1972).

**Plaintiff's Expert**

The Court has already ruled that the survey performed by Plaintiff's expert, Sarah Butler, and her accompany report go to weight of the evidence, not admissibility. (*See* Order Denying Mot. In Lim., ECF No. 140). Defendant's replicated arguments seeking exclusion of that evidence are insufficient to show that Defendant is entitled to judgment as a matter of law on Plaintiff's claims.

Nonetheless, Defendant also claims that the survey fails to show a likelihood of confusion between its mark and Plaintiff's mark. However, Butler is not offering an opinion on the likelihood of confusion, as she does not reference Defendant's mark at all except in discussing the Complaint allegations. Rather, Butler opines about "the extent to which the general population has any association with the phrase GIT-R-DONE." (Butler Rep. 4, ECF No. 118-8). Her opinions also encompass the extent to which the general population associates that phrase with

Mr. Whitney/Larry the Cable Guy, which is directly relevant, at the very least, to the trademark dilution claim. (*See id.* at 4-5, 16-17); 15 U.S.C. § 1125 (trademark dilution requires that a mark be "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner"); *Dallas Cowboys Football Club, Ltd. v. Am.'s Team Props., Inc.*, 616 F. Supp. 2d 622, 643 (N.D. Tex. 2009).

Defendant points to Anderson's opinion "that the phrase 'Git 'er Done' is not associated linguistically with any particular brand of goods or services, but rather with a variety of goods and services." (Def. Mem. 21-22, ECF No. 116). Again, while Plaintiff has moved to exclude Anderson's testimony, the Court need not decide that issue at this juncture. Even considering that testimony, Butler's report directly contradicts Anderson's report, and, at a minimum, shows that there is a genuine issue of material fact on this issue. (*See, e.g.*, Butler Rep. 4-5, 16-17, ECF No. 118-8); *Dallas Cowboys*, 616 F. Supp. at 643. Accordingly, the Court is unpersuaded by Defendant's arguments, (*see, e.g.*, Def. Mem. 24, 28, ECF No. 116), that there is no evidence of association between Plaintiff and its trademarked phrase.

Defendant further argues that "Plaintiff's own survey shows that at least 51.5% of the public" does not associate the phrase with Larry the Cable Guy at all. (*See id.* at 9). Defendant does not cite any law – and the Court has found none in the Fifth Circuit or elsewhere – that failure to establish a minimum percentage of

recognition mandates summary judgment on a dilution claim.  *See* Xuan-Thao N. Nguyen, *The New Wild West: Measuring and Proving Fame and Dilution Under the Federal Trademark Dilution Act*, 63 Alb. L. Rev. 201, 202 (1999) ("[N]o court has provided a cut-off percentage for finding fame and/or dilution . . . ."); *see also id.* at 234 (advocating for a 40% cut-off).  The statute itself does not quantify "the requisite degree of recognition . . . " *See* 15 U.S.C. § 1125.  In short, summary judgment is not warranted based on Defendant's attacks on Plaintiff's expert.

### CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result.  None of arguments advanced demonstrate that Defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [115] Motion for Summary Judgment filed by Giterdone C Store, LLC and 443-B Yacht Club Drive LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28ᵗʰ day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE